UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
Peretz Sontag,

                 Plaintiff,

- against -

Cohen & Slamowitz, LLP,

                 Defendant.
-----------------------------------------------------------------------X

Civil Action No.: _____

**11 CIV 9521**

JUDGE GARDEPHE

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

ECF Case - PGG

Plaintiff Peretz Sontag ("Plaintiff" or "Sontag"), by and through his attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against the Defendant Cohen & Slamowitz, LLP ("Defendant" or "Slamowitz"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, County of Rockland, residing at 10 Hidden Valley Drive, Suffern, New York 10901.

3. Upon information and belief, the Defendant is a law firm specializing in debt collection, with a principal place of business at 199 Crossways Park Drive, Woodbury, New York 11797, and is authorized to do business in the State of New York.

4. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC Sec. 1331, as well as 15 USC Sec. 1692 et. seq. and 28 USC Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 USC Sec. 1367(a).

6. Venue is proper in this judicial district pursuant to 28 USC Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to the Defendant, the Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. On or about July 29, 2011, at approximately 3:37 p.m., the Defendant placed a telephone call to the Plaintiff and left a message for the Plaintiff on the Plaintiff's answering machine.

10. Said message contained personal and confidential information.

11. Said message was to collect a debt, and it was left on an answering machine which was played and heard by one or more third parties who each had the right and opportunity to play same.

12. Said message was heard, amongst others, by the Plaintiff's daughter, Max Sontag.

13. The actions of the Defendant led to embarrassment, harassment, and disclosure of confidential information to a third party.

14. Said actions by the Defendant violated 15 USC §1692b(2) which prohibits communicating to a third party, stating that a consumer owes a debt.

15. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 USC §1692b(2).

18. As a result of the Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

19. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this Complaint to which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Peretz Sontag demands judgment from the Defendant Cohen & Slamowitz, LLP, as follows:

A. For actual damages provided and pursuant to 15 USC Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC Sec. 1692k(a)(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 USC Sec. 1692k(a)(3);

D. For a declaration that the Defendant's practices violated the provisions of the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       December 22, 2011

Respectfully submitted,

By: _____
    Samuel A. Ehrenfeld
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053